IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE MELO-FERNANDEZ,

      Plaintiff,

v.                                                                                                     CV 20-0081 SCY/JHR

BARRY LANCE BEARDEN,
WHITE TRANSPORTATION SERVICE, INC.,
UNITED SUPERMARKETS, LLC, and
MICHAEL DURHAM,

      Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO EXTEND TIME TO FILE MOTION TO COMPEL

      This matter comes before the Court on Defendants' Motion to Extend Time to File Motion to Compel [Doc. 37], filed July 7, 2020. The Motion states that the parties agreed to extend the deadline for Defendants to file a motion to compel set by the Local Rules for this district, but Plaintiff's counsel now refuses to honor this agreement. [*Id.*, p. 3]; *see* D.N.M.LR-Civ. 26.6. Defendants therefore ask the Court to allow them fourteen (14) days from the date of the entry of this Order to file a motion to compel. [*See id.*, p. 4; Doc. 44 (Reply), p. 3]; *see* D.N.M.LR-Civ. 26.6 (permitting the Court to extend this deadline). Plaintiff's response states that he does not oppose an extension of time for Defendants to file a motion to compel and explains that "Defendants gave Plaintiff's counsel part of an afternoon to respond to their notice to file the motion." [Doc. 42]. Considering Plaintiff's position, the Court will **grant** Defendants the requested extension.

      Defendants, in their Reply brief, argue that "[b]ecause the Motion could have been avoided … Defendants request that the Court award them their reasonable fees and costs incurred in

1

prosecuting the Motion." [Doc. 44, p. 3]. Defendants' request for fees and costs will be **denied**. The Court would be inclined to grant the request if Defendants' Motion had itself complied with the Local Rules' requirement for a "recitation of a good-faith request for concurrence." *See* D.N.M.LR-Civ. 7.1(a). However, Defendants' counsel emailed Plaintiff's at 1:43 PM on July 7, 2020, responding to an email sent on July 4, 2020, and gave him until 4:30 PM on the same day to note his concurrence or opposition to the requested extension. [Doc. 44-1, p. 1]. Providing an opposing party with less than three (3) hours to respond to a request can hardly be considered the "good-faith" required by Local Rule 7.1(a). *Quarrie v. Wells*, 2020 WL 3250609, at *3 (D.N.M. June 16, 2020) ("[A]n email sent just four hours prior to filing would in many cases be insufficient to meet the requirements of Local Rule 7.1(a).").[1] Under these circumstances, Defendants' Motion could have been summarily denied under Local Rule 7.1(a). The parties will bear their own costs and fees for this motion practice and should endeavor to take reasonable positions in making, and provide reasonable time for responding to, future communications.

Wherefore, Defendants' Motion [Doc. 37] is **granted in part** and **denied in part**. Defendants may file a motion to compel within fourteen (14) days of the entry of this Order. Defendants' request for their fees associated with the instant motion practice is **denied**.

SO ORDERED.

                                                                 JERRY H. RITTER
                                                                 U.S. MAGISTRATE JUDGE

---

[1] Local Rule 7.1(a) "encourages parties to work together to prevent the filing of a needless motion based on—as here—confusion over the motion's basic premise. Local Rule 7.1(a) thereby helps narrow the scope of briefing to the most important issues, promoting judicial efficiency and improving the quality of the briefs." *Sanders v. USAA Cas. Ins. Co.*, 2020 WL 486978, at *4 (D.N.M. Jan. 30, 2020) (citing *Hooten v. Ikard Servi Gas*, 535 F. App'x 663, 667 (10th Cir. 2013)). The Rule is "not meant to be perfunctorily satisfied. It is designed to encourage parties to contact each other ... and work out mutually agreeable solutions" to issues. *N.M. ex rel. Balderas v. Valley Meat Co., LLC*, No. 14-cv-1100 JB/KBM, 2015 WL 3544288, at *20 (D.N.M. May 20, 2015).