IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE MELO-FERNANDEZ

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　　　CV 20-0081 SCY/JHR

BARRY LANCE BEARDEN, WHITE
TRANSPORTATION SERVICE, INC.M
UNDERITED SUPERMARKETS, LLC, and
MICHAEL DURHAM,

    Defendants.

# MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff Jose Melo-Fernandez' ("Plaintiff's") Motion to Compel Discovery from Defendant White Transportation Services, Inc. ("Defendant") [Doc. 38], filed July 8, 2020. Defendant responded on July 22, 2020 [Doc. 43], and Plaintiff replied on July 31, 2020 [Doc. 45], completing the briefing.

## I.　　BACKGROUND

The collision involved in this case occurred on April 26, 2018. [Doc. 1-1, p. 2]. Plaintiff alleges that Defendant Bearden rear-ended his vehicle while traveling at highway speed on Interstate 40. [*Id.*]. The other named Defendants either employed Bearden or owned the vehicle he was driving. [*Id.*]. Plaintiff's Complaint alleges negligence by Defendant Bearden and imputes liability for that negligence to his employers under the doctrine of *respondeat superior*. [*Id.*, pp. 2-3]. Plaintiff requests general and special damages, medical expenses, lost wages and earning capacity, interest as allowed by law, his costs, and "[s]uch other and further relief, both general and special, at law or in equity, to which Plaintiff is justly entitled." [*Id.*, p. 4].

After Plaintiff filed suit in New Mexico state court, Defendants jointly removed the case on diversity grounds. [Doc. 1]. As ordered, the parties filed a Joint Status Report and Provisional Discovery Plan ("JSR") on March 16, 2020. [Doc. 16]. Plaintiff stated "N/A" in his portions of the JSR pertaining to amendments to pleadings, and largely reasserted the allegations contained in the Complaint. [*Id.*, p. 1]. The Court held a Scheduling Conference soon thereafter, and Discovery commenced on March 31, 2020 (it is currently set to close on March 31, 2021). [Doc. 21].

Plaintiff served Defendant with discovery requests and, after Defendant objected and responded, Plaintiff's counsel emailed Defendants' and asked that he withdraw several of the stated objections on June 23, 2020. [Doc. 43-2, p. 1]. Plaintiff states in his reply brief that counsel also spoke via phone on June 26, 2020 but were unable to resolve the dispute. [Doc. 45, p. 1]. Ultimately, the Court held an informal discovery conference via phone on July 2, 2020, at which Defendants' objections to Plaintiff's requests were discussed but not resolved. [Doc. 36]. The present motion practice followed.

II.     **CONFERRAL UNDER RULE 37(A)**

Defendant asks the Court to deny Plaintiff's Motion as a matter of procedure under Federal Rule of Civil Procedure 37(a) because Plaintiff's counsel's attempts at conferral, both written and oral, were focused on Defendant's *objections* to Plaintiff's requests rather than on the *substance* of its responses. [Doc. 43, p. 3]. The Court finds this distinction unpersuasive. As demonstrated by the parties' briefing, Plaintiff's counsel wrote to Defendants' about the issues addressed in the Motion, counsel spoke on the phone, and the Court held an informal discovery conference before the Motion was filed. Defendant does not deny that Plaintiff communicated with it in an effort to attempt to obtain responses to his discovery requests, and asking an opponent to withdraw objections necessarily compels the respondent to assess whether, if the objection is abandoned, the

2

substance of the response meets *its* independent duties to respond. In sum, the Court finds that the spirit of Rule 37(a) was met by Plaintiff's attempts to confer with Defendant about its discovery responses, an "attempt" being all the Rule's text requires.

### III.    ANALYSIS

Plaintiff's discovery requests seek several categories of information: (A) addresses and phone numbers for witnesses, including named defendants; (B) pertinent settlement agreements; (C) contentions regarding Defendant's defenses; and (D) all of Plaintiff's statements in Defendant's possession, regardless of subject matter. The Court addresses each category below.

#### A) Addresses and Phone Numbers for Defendant's Witnesses

Plaintiff argues that Defendant must provide him with the addresses and phone numbers for the witnesses it will rely on in this case, including named parties, for two reasons: first, because he asked for them in interrogatories under Federal Rule of Civil Procedure 33; and, second, because Federal Rule of Civil Procedure Rule 26(a)(1)(A)(i) requires disclosure of "the name, and, if known, the address and telephone number of each individual likely to have discoverable information … that the disclosing party may use to support its claims or defenses[.]" [Doc. 38, p. 3]. Defendant responds that Plaintiff is not entitled to this information, but it doesn't say why. [Doc. 43, pp. 3-4]. Instead, Defendant argues that it "is unaware of any legal authority requiring" it to disclose the requested addresses and phone numbers. [*Id.*]. Besides, Defendant argues, Plaintiff' counsel cannot ethically contact any of the Defendants because they are represented by counsel. [*Id.*, p. 4].

While the Court is sympathetic to Defendant's concerns about the privacy of the named Defendants, and certainly would not condone unethical contact by Plaintiff's counsel, Defendant has presented nothing to support its position other than the ethical rules that bind all attorneys

3

practicing in New Mexico. This showing is inadequate when the express language of Federal Rule 26(a)(1)(A)(i) requires disclosure of the address and telephone numbers of *any* witness who may have discoverable information that Defendant would use to support its defenses, and where Rule 26(b), which sets forth the scope of discovery, permits inquiry into "*any* nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b). To Plaintiff's credit, his reply brief agrees that his counsel cannot contact Defendants. Counsel, instead, would like the information in order to conduct research on the Defendants.

Defendant cites to no authority that would bar the discovery. Although the Court could imagine an opposition premised on Rule 26(b)'s proportionality standard (given Plaintiff's decision to only plead negligence and not separate entitlement to punitive damages); or under Rule 26(c)(1), the Court cannot fashion arguments for a party and neither of these standards was invoked or argued. Therefore, Plaintiff's Motion will be granted as to the contact information for Defendant's witnesses.

### B) Settlement Agreements

Plaintiff ask the Court to compel Defendant to produce any settlement agreements that are relevant to this case. [Doc. 38, pp. 3-4]. Plaintiff argues that there exists a settlement agreement between Defendant and Plainitff's worker's compensation insurance carrier which extinguished a lien that carrier had on his personal injury claim (the subject of this lawsuit). [*Id.*]. Defendant responds that neither it nor its insurance carrier provided workers compensation insurance for Plaintiff (or presumably had reason to settle the lien), and, more importantly, it affirmatively states that no settlement agreement exists. The Court cannot compel production of a document that does not exist, and Defendant affirms that it is aware of its duty to supplement its responses under

Federal Rule of Civil Procedure 26(e), which presumably includes the consequences of failing to supplement. The Motion is denied as to settlement agreements.

### C) Contention Interrogatories

Plaintiff moves the Court to require Defendant to answer his contention interrogatories. [Doc. 38, pp. 5-6]. Defendant argues, and Plaintiff's Motion recognizes, that the Court has the authority to delay answers to contention interrogatories until designated discovery is complete or until the pretrial conference. [*See* Doc. 43, p. 7; Doc. 38, p. 5]. The Court sees little efficacy in requiring Defendant to answer contention interrogatories when discovery in this case does not close for another six (6) months. Therefore, the Court denies Plaintiff's Motion as to the contention interrogatories but orders that, if this case is not settled, Defendant must answer them by the pretrial conference before presiding Magistrate Judge Yarbrough.

### D) Plaintiff's Prior Statements

Finally, Plaintiff asks the Court to compel Defendant to disclose his prior statements "regardless of subject matter." [Doc. 38, p. 6]. Defendant correctly points out that this is not the standard – Plaintiff is only entitled to his previous statements "about the action or its subject matter[;]" and, even then, only to "previous statements" as defined under the Rule: "a written statement that the person has signed or otherwise adopted or approved; or a contemporaneous stenographic, mechanical, electrical, or other recording – or a transcription of it – that recites substantially verbatim the person's oral statement. Fed. R. Civ. P. 26(a)(3)(C). Plaintiff's insistence that he is entitled to every statement that Defendant possesses because he does not know what statements are in its possession displays a misunderstanding of Defendant's disclosure requirements under the Rules. To the extent there is ambiguity created by the Rules, such as what constitutes the "subject matter" of this action, it was Plaintiff's duty to ask a pointed question or

5

adequately define the parameters of the request. Moreover, Defendant again affirmatively states in its response that it has no responsive statements, but that it will supplement its responses as the Rules require if it receives clarification that leads to the discovery of responsive statements. [Doc. 43, pp. 9-10]. The Court cannot compel production of information that does not exist. This portion of the Motion is denied.

## IV.    CONCLUSION

In sum, the Court **grants in part and denies in part** Plaintiff's Motion to Compel [Doc. 38] as follows:

- The Motion is granted as to Defendant's witness contact information;
- The Motion is denied as to the alleged settlement agreement;
- The Motion is denied without prejudice as to Plaintiff's contention interrogatories, which must be answered no later than the pretrial conference; and.
- The Motion is denied as to Plaintiff's previous statements regardless of subject matter.

Because neither party prevailed on the merits of the Motion, the Court will award neither party its expenses. *See* Fed. R. Civ. P. 37(a)(5)(C). Counsel are directed to review and contemplate the Creed of Professionalism for the New Mexico Bench and Bar, available at: https://www.nmbar.org/Nmstatebar/For_Members/Creed_of_Professionalism.aspx.

SO ORDERED.

_____
JERRY H. RITTER
U.S. MAGISTRATE JUDGE