IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE MELO-FERNANDEZ

     Plaintiff,

v.                                                                        CV 20-0081 SCY/JHR

BARRY LANCE BEARDEN,
WHITE TRANSPORTATION SERVICE, INC.,
UNITED SUPERMARKETS, LLC, and
MICHAEL DURHAM,

     Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants, White Transportation Services, Inc., Barry Lance Bearden, Michael Durham, and United Supermarkets, LLC's (collectively, the "Defendants") Motion to Compel discovery from Plaintiff Jose Melo-Fernandez ("Plaintiff") [Doc. 51], filed September 10, 2020. Having considered the parties' positions and all pertinent authority, the Court grants in part and denies in part Defendants' Motion to Compel.

**I.    BACKGROUND**

This personal injury case arises from an automobile accident that occurred on April 26, 2018 on Interstate 40. [Doc. 1, Exhibit ("Ex.") 1, p. 2]. Plaintiff alleges that he drove cautiously at all relevant times, and Defendant Bearden's vehicle, suddenly and without warning, struck his. [*Id.*]. The other named Defendants either employed Bearden or owned the vehicle he was driving. [*Id.*]. Plaintiff's Complaint alleges negligence by Defendant Bearden and imputes liability for that negligence to his employers under the doctrine of *respondeat superior*. [*Id.*, pp. 2-3]. Plaintiff requests general and special damages, medical expenses, lost wages and earning capacity, interest

as allowed by law, his costs, and "[s]uch other and further relief, both general and special, at law or in equity, to which Plaintiff is justly entitled." [*Id.*, p. 4].

After Plaintiff filed suit in the New Mexico state court, Defendants jointly removed the case on diversity grounds. [Doc. 1]. As ordered, the parties filed a Joint Status Report and Provisional Discovery Plan ("JSR") on March 16, 2020. [Doc 16]. The Court held a Scheduling Conference soon thereafter, and discovery commenced on March 31, 2020. [Doc. 21]. On September 10, 2020, Defendants filed this Motion to Compel demanding complete responses to eight discovery requests: four interrogatories and four requests for production. [Doc. 51]. Plaintiff responded to the motion on September 23, 2020, and Defendants replied on October 6, 2020. [Docs. 53, 56].

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery, providing that:

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* "[T]he scope of discovery under the federal rules is broad and [] 'discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify issues.'" *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). Nonetheless, the Court is not required to permit the parties to engage in fishing expeditions in the hope of supporting their claims or defenses. *See Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 375 (D.N.M. 2018).

Federal Rule of Civil Procedure 33 governs interrogatories to parties. "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). A responding party may object to an interrogatory but the grounds for an objection "must be stated with specificity." Fed. R. Civ. P. 33(b)(4). Furthermore, responses by general reference to another document are insufficient. *See* Fed. R. Civ. P. 33(d)(1) (If responding by producing business records, the responding party is required to "specify[] the records . . . in sufficient detail to enable the interrogating party to locate and identify them . . ."); *see e.g.*, *Heuskin v. D&E Transp., L.L.C.*, No. Civ. 19-957 MV/GBW, 2020 WL 1450575, at *3 (D.N.M. Mar. 25, 2020); *Bayview Loan Servicing, L.L.C. v. Boland*, 259 F.R.D. 516, 518 (D. Colo. 2009).

Federal Rule of Civil Procedure 34 governs requests for production. Requests for production "must describe with reasonable particularity each item or category of items to be inspected[.]" Fed. R. Civ. P. 34(b)(1)(A). A proper response "must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). A party responding to a request to produce documents has the responsibility to provide meaningful responses to the request and a general reference to another document is insufficient. *See* Fed. R. Civ. P. 34(b)(2)(E)(i) ("A party must . . . organize and label [documents] to correspond to the categories in the request[.]"); *see e.g.*, *Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d. 476, 509-10 (N.D. Tex. 2016) (A party responding to a request is responsible "to review the voluminous documents to identify those that are responsive to specific requests."); *Johnson v. Kraft Foods North America, Inc.*, 236 F.R.D. 535, 541 (D. Kan. 2006) (A party responding to a request must identify which documents are responsive to which requests.).

### III.  ANALYSIS

Defendants' discovery requests at issue seek information through four interrogatories (No. 8, 11, 14, 17) and four requests for production (No. 2, 5, 6, 19).

**A) Interrogatory No. 8**

Defendants' Interrogatory No. 8 reads:

state and list in itemized form each alleged damage that you claim in this Lawsuit, including, but not limited to, out-of-pocket medical expenses (past and future), non-medical expenses (past and future), physical injuries, pain and suffering, emotional distress, physical impairment, and loss of enjoyment of life, lost wages and earning capacity, and any other alleged damages. In doing so, state the following:
    (a) the facts upon which you base each alleged damage;
    (b) the dollar amount that you or someone on your behalf attributes to each particular alleged damage;
    (c) the total monetary amount of damages you are seeking;
    (d) the method of calculation for each element of damage;
    (e) [i]dentify all persons with knowledge of your claimed damages; and,
    (f) [i]dentify all documents and communications supporting all of your claimed damages.

[Doc. 51, p. 5]. Plaintiff argued that general damages (including pain and suffering, emotional distress, physical impairment, and loss of enjoyment of life) need not be computed because general damages are necessarily vague and are generally considered a fact issue for the jury. [Doc. 53, pp. 1-2]; *see e.g.*, *Williams v. Trader Publ'g, Co.*, 218 F.3d 481, 486 n.3 (5th Cir. 2000) (court denied computations of emotional distress); *E.E.O.C. v. Wal-Mart Stores, Inc.*, 276 F.R.D. 637, 639 (E.D. Wash. 2011) (court denied computations of emotional distress and punitive damages). Defendants did not reply as to whether computations of general damages should be disclosed except by noting that there is nothing in the Federal Rules of Civil Procedure, or elsewhere, to prohibit a party from answering. [*See* Doc. 56, pp. 2-3].

Plaintiff objected to providing amounts for pain, suffering, emotional distress, physical impairment, loss of enjoyment of life, and the total amount of damages sought. [Doc. 51, Ex. 1, p.

4]. Subject to this objection, Plaintiff provided a one paragraph answer regarding lost wages and referred Defendants to his initial disclosures for medical expenses. [*Id.*]. Plaintiff added: "[r]efer to my initial disclosures for a summary of medical bills. Refer to all documents I have produced. Refer to my initial disclosures for identity of persons with knowledge of my damages." [*Id.*].

Responding to an interrogatory by a general reference to outside documents is unacceptable. Furthermore, Plaintiff's answer regarding medical expenses is insufficient because Plaintiff only gave a general reference to medical bills produced and a reference to the tabulation in Plaintiff's initial disclosures, omitting, for example, "the facts upon which you base each alleged damage[.]" [Doc. 51, p.5]. The Court will compel Plaintiff to supplement his response to Interrogatory No. 8 regarding medical expenses.

The Court agrees with the reasoning of the 5th Circuit and the Eastern District of Washington that computations of emotional distress and punitive damages are issues for the factfinder and are not discoverable. Defendants did not controvert the substance of this argument. [*See* Doc. 56, pp. 2-3]. Thus, the Court will sustain Plaintiff's objection regarding the computations of emotional distress. Furthermore, even though the cases cited by Plaintiff only discussed computations of emotional distress and punitive damages, the Court will sustain Plaintiff's objection regarding the calculations of pain and suffering, physical impairment, loss of enjoyment of life and the total amount of damages because 1) Defendants did not offer substantive argument requiring disclosure of the computations of these damages, and 2) calculations of these damages is the province of the factfinder.

Plaintiff should note that the cases cited only deny discovery of computations of these certain types of damages. *See generally Williams*, 218 F.3d at 486; *Wal-Mart Stores, Inc.*, 276

F.R.D. at 639-40. Interrogatory No. 8 asks for more than computations of damages.[1] The authorities do not bar all discovery relating to general damages. Therefore, the Court will compel Plaintiff to respond to Interrogatory No. 8 regarding pain and suffering, emotional distress, physical impairment and loss of enjoyment of life in full without providing computations of these damages.

Plaintiff did not provide any answer regarding non-medical expenses (past and future), physical injuries, and any other alleged damages. The Court will compel Plaintiff to respond to Interrogatory No. 8 regarding these damages in full.

Plaintiff requested damages for loss of earning capacity but now argues there is no need to provide a calculation because Plaintiff is making a higher wage now than when he was injured. [Doc. 53, p. 3]. Plaintiff did not provide any other answer regarding loss of earning capacity. [*See* Doc. 53, Ex. 1, p. 4; Doc. 53, pp. 1-4]. Plaintiff's objection to the interrogatory appears to be a waiver of the claim for lost earning capacity.  If Plaintiff does not intend waiver of the claim, he is ordered to respond to Interrogatory No. 8 in full.  In the absence of a full response, the objection will be deemed a waiver of any claim to damages for lost earning capacity.

Finally, Plaintiff provided a short paragraph regarding lost wages. [*See* Doc. 51, Ex. 1, p. 4]. However, Plaintiff did not respond to Interrogatory No. 8 regarding loss wages in full.[2] The Count will compel Plaintiff to supplement his response to Interrogatory No. 8 regarding loss wages.

In summary, the Court will grant Defendants' motion in part with respect to Interrogatory No. 8. Plaintiff must: respond to Interrogatory No. 8 regarding non-medical expenses (past and

---

[1] For example, Interrogatory No. 8 part (a) asks for "the facts upon which you base each alleged damage[.]" [Doc. 51, p. 5].
[2] For example, Plaintiff did not identify all persons with knowledge of, nor documents supporting Plaintiff's loss wages claim. [Doc. 51, Ex. 1, p. 4].

future), physical injuries and other alleged damages in full; supplement the response to Interrogatory No. 8 regarding medical expenses and loss wages; respond to Interrogatory No. 8 regarding pain and suffering, emotional distress, physical impairment, and loss of enjoyment of enjoyment of life in full other than computations of these damages; and if Plaintiff does not claim any loss of earning capacity for now but intends to reserve the right to do so in the future, Plaintiff must disclose his intention and answer Interrogatory No. 8 regarding potential future loss of earning capacity or the claim will be deemed to be waived.

### B) Interrogatory No. 11

Defendants' Interrogatory No. 11 asked for information on liens associated with the claims. [Doc. 51, Ex. 1, p. 5]. Plaintiff objected to this interrogatory as not reasonably calculated to lead to the discovery of admissible evidence. [*Id.*]. Plaintiff further argued in his response that "if the settlement of the lien is irrelevant and objectionable, so, too, must be the lien itself." [Doc. 53, p. 5]. The Court previously ruled in Plaintiff's First Motion to Compel that information regarding settlement of the lien need not be provided because Defendants assert that no settlement agreement exists. [Doc. 54, pp. 4-5]. Here, Plaintiff does not claim the lien does not exist. [*See id.*]. Therefore, the previous ruling does not foreclose this discovery.

Plaintiff's admissibility objection is not persuasive. The standard governing the scope of discovery is relevance, needs of the case, and whether privileges apply. *See* Fed. R. Civ. P. 26(b)(1). Here, the lien information is relevant to set-off, application of the collateral source rule, and settlement negotiations that may occur. The Court therefore overrules Plaintiff's objection and will compel Plaintiff to respond to Interrogatory No. 11 in full.

### C) Interrogatory No. 14

Defendants' Interrogatory No. 14 asked Plaintiff to "[i]dentify all traffic citations (of any kind) that you have received during the last 10 years." [Doc. 51, Ex. 1, p. 5]. Plaintiff objected that the request was "overly broad, not reasonably limited in scope, and not reasonably calculated to lead to the discovery of admissible evidence." [*Id.* pp. 5-6]. Defendants argued that traffic citations are relevant because this case involves an automobile accident, Plaintiff's driving ability is an issue, and Plaintiff's traffic citations are relevant to Plaintiff's driving ability. [Doc. 51, p. 6]. Plaintiff responded and argued that 1) Plaintiff provided a copy of his New Mexico Courts Case Lookup history, 2) the interrogatory was overly broad because it was not calculated to lead to admissible evidence, and 3) the interrogatory asked for irrelevant information because Plaintiff was merely driving a truck following another truck and therefore Plaintiff's driving ability and traffic tickets were not at issue. [Doc. 53, pp. 5-6].

Even though Plaintiff was following another truck, Plaintiff's driving ability is relevant in this case. Defendants raised an affirmative defense of comparative fault. [*See* Doc. 53, p. 6; Doc. 16, pp. 3-4]. Defendants allege that when Defendant Bearden attempted to move into the left lane to avoid the accident, Plaintiff also moved to the left lane. [Doc. 16, p. 3]. If Plaintiff contributed to the accident by moving to the left lane, the reasonableness of that action under all of the circumstances may be at issue, implicating Plaintiff's driving ability. Plaintiff's traffic tickets could lead to evidence of historic driving problems. The Court therefore overrules Plaintiff's relevance and overbreadth objections.

Plaintiff did not specify which section of his New Mexico Courts Case Lookup history is responsive to Interrogatory No. 14. A general reference to outside documents is unacceptable. Furthermore, Plaintiff did not specify whether this document contains all of Plaintiff's traffic

citations. Therefore, the Court will compel Plaintiff to certify whether his New Mexico Courts Case Lookup history answers Interrogatory No. 14 in full. If the Lookup history answers in full, the Court will compel Plaintiff to specify which part of the document is responsive; if not, the Court will compel Plaintiff to supplement his response to Interrogatory No. 14 in full.

### D) Interrogatory No. 17

Defendants' Interrogatory No. 17 asked Plaintiff to identify and describe with particularity all injuries suffered by the Plaintiff. [Doc. 51, Ex. 1, p. 6]. Plaintiff argued that the phrase "with particularity" was vague and ambiguous. [*Id.*]. Subject to the objection, Plaintiff answered: "refer to the produced medical records. I injured my head, [] right knee, right shoulder, and right elbow." [*Id.*]. Lastly, Plaintiff in his response argued that "Defendants do not explain how [Plaintiff], who is unsophisticated in the health care field, could make any greater response to the interrogatory that would be more enlightening to a prospective expert." [Doc. 53, p.7].

Interrogatory No. 17 is not vague or ambiguous. The Court considers a discovery request in full when deciding a vagueness issue. *See Bhasker v. Financial Indemnity Company*, No. Civ. 17-260 JB/JHR, 2018 WL 4773363, at *6 (D.N.M. Oct. 3, 2018). Here, Interrogatory No. 17 clearly sought information concerning the specifics of the injuries Plaintiff identified. Therefore, the Court overrules this objection.

Once again, a general reference to outside documents is not an acceptable interrogatory response. Plaintiff's general reference to produced medical records is unacceptable.

Plaintiff's response that he injured his "head, [] right knee, right shoulder, and right elbow," merely identified locations of injury and did not supply any description. Nor is it clear that Plaintiff identified all of his injuries. Therefore, Plaintiff did not answer Interrogatory No. 17 in full.

Plaintiff argued that he is unsophisticated in the medical field and cannot provide any more information than a health care professional. Plaintiff was not asked to provide an expert medical opinion, but a complete statement of his own perception and understanding of his injuries. Plaintiff did not explain why answering Interrogatory No. 17 is not relevant or proportional to the needs of the case, nor is an explanation obvious.

The Court will compel Plaintiff to supplement his response to Interrogatory No. 17 in full and certify it as such.

### E) Document Request No. 2

Request for Production ("RFP") No. 2 asked Plaintiff to produce all medical evidence relating to injuries alleged in this Complaint, and to identify all injuries that may relate to any pre-existing or subsequent conditions. [Doc. 51, Ex. 1, p. 15]. Plaintiff signed a medical authorization form covering treatment from January 1, 2007 to the present day [Doc. 51, Ex. 5]. The dispute over RFP No. 2 regards medical evidence pre-dating January 1, 2007.

Plaintiff objected to providing medical evidence pre-dating January 1, 2007 as overly broad, not reasonably limited in time or scope, exceeding the time scope provisions of the medical authorization required by District of New Mexico local rules, and not reasonably calculated to lead to the discovery of admissible evidence. [Doc. 51, Ex. 1, p. 15]. Plaintiff argued that 1) Plaintiff complied with New Mexico local rule 23(d) which governs the medical authorizations at initial disclosures, 2) Defendants agreed at the informal discovery conference held on May 28, 2020 to limit discovery of medical evidence to January 1, 2007, and 3) Plaintiff already produced a great deal of medical evidence that Defendants never used, and Defendants asking for even more medical evidence is overly broad [Doc. 53, p. 8-10]. Alongside these objections, Plaintiff

answered: "[r]efer to the medical authorizations that I produced with my initial disclosures." [Doc. 51, Ex. 1, p. 15].

New Mexico Local Rule 23(d) required Plaintiff to disclose medical evidence from the last 5 years preceding the date of the accident. D.N.M.LR-Civ. 26.3(d). However, as Defendants pointed out, the local rule does not prohibit additional disclosure preceding this five-year period. The Court interprets New Mexico Local Rule 23(d) as setting a minimum discovery requirement instead of a maximum discovery limit. Compliance with Local Rule 23(d) therefore does not limit the scope of medical evidence discovery.

Plaintiff argued that Defendants agreed to limit medical evidence to after January 1, 2007 at the informal discovery conference held on May 28, 2020. [Doc. 53, p. 8]. However, Defendants explicitly reject Plaintiff's assertion that an agreement exists, and the Clerk's Minutes for the informal discovery conference held on May 28, 2020 noted that no discovery issues were resolved. [*See* Doc. 53, Ex. 9; Doc. 56, p. 7; Doc. 28]. The emails cited by Plaintiff's Exhibit showed Defendants asking for medical authorization from January 1, 2007, but it does not show that Defendants agreed to limit medical evidence to only after January 1, 2007. [Doc. 51, Ex. 8]. The Court does not find any documents that explicitly support Plaintiff's assertion that Defendants agreed to limit discovery; therefore, Plaintiff's objection based on agreement is overruled.

Plaintiff did not cite to any legal authorities that address how the use of information produced affects the scope of discovery. [Doc. 53, p. 8-10]. The Court is not persuaded that Defendants' use of Plaintiff's produced evidence is relevant to the issue at hand.

Plaintiff argued that asking for medical authorizations for records pre-dating January 1, 2007 is overly broad, not reasonably limited in time or scope, and not reasonably calculated to lead to the discovery of admissible evidence. [Doc. 51, Ex. 1, p. 15]. Here, because Plaintiff was

11

convicted of homicide by vehicle based on a 2005 car accident, Plaintiff's injuries, if any, from this car accident appear facially relevant and proportional to the needs of the case. [Doc. 53, Ex. 5, p. 11]. The Court does not find RFP No. 2 overly broad or disproportionately burdensome. The Court therefore overrules these objections.

Lastly, since Plaintiff only produced medical authorizations for the period from January 1, 2007 to present, yet RFP No. 2 requested all medical evidence, Plaintiff clearly withheld some documents pursuant to the overruled objection. The Court will grant Defendant's motion with respect to RFP No. 2.

### F) Document Request No. 5

RFP No. 5 requested production of Plaintiff's W-2s and state and federal income tax returns for each of the last seven calendar years up to the date of trial. [Doc. 51, Ex. 1, p. 16]. Plaintiff objected to this RFP as 1) overly broad, not reasonably limited in time, not reasonably calculated to lead to the discovery of admissible evidence, and 2) vague and ambiguous because of the phrase "up to the date of trial" and the fact that there is no trial date at this time. [*Id.*]. Furthermore, Plaintiff refused to provide a tax authorization arguing that a party is not required to create additional documents in response to a discovery request and that such an authorization exceeds the scope of permissible discovery. [*Id.*]. Subject to these objections, Plaintiff stated that he does not have any documents responsive to this request and that he is having trouble getting documents from the IRS. [*Id.*].

Again, the Court looks at discovery requests in full. Even though no trial date is set as of today, RFP No. 5 clearly sought information concerning taxes for the last seven years and up to the date of trial. Plaintiff's resulting obligation is to produce what he possesses and supplement as

he obtains new responsive documents up to the date of trial. Fed. R. Civ. P. 26(e). Thus, the Court overrules Plaintiff's vagueness objection.

Plaintiff seeks to recover lost earnings and, unless waived as discussed above, lost earning capacity. Thus, Defendants request for tax information appears facially relevant and proportional to the needs of the case. Plaintiff did not cite to any legal authorities that explain why RFP No. 5 is overly broad, not reasonably limited in time, and not reasonably calculated to lead to the discovery of admissible evidence. Because tax information is relevant to lost earnings and earning capacity, the Court therefore overrules these objections.

RFP No. 5 requested Plaintiff to produce tax documents or alternatively, execute authorizations so Defendants can request the information themselves. [Doc. 51, Ex. 1, p. 16]. Plaintiff asserted that he requested but has been unable to obtain the responsive tax information from the IRS. [Doc. 53, pp. 10-11]. Plaintiff nonetheless asked the Court to deny Defendants' request for authorization because requests for production may only demand items in a party's possession, custody or control. [*Id.*, p. 11]. Plaintiff professes to have been seeking his returns from the IRS for more than six months. [*See* Doc. 51, p. 9; Doc. 51, Ex. 4, p. 5]. At this point, granting Defendants' request creates a parallel opportunity to obtain discoverable information. The Court will compel Plaintiff to produce the documents requested now, if in Plaintiff's possession, or in alternative execute authorizations so Defendants can request the information themselves.

### G) Document Request No. 6

RFP No. 6 requested production of all documents associated with any motor vehicle accidents that Plaintiff has ever been involved in as well as all police reports, accident reports, witness statements, property damage, personal injury damage, wage loss, or any other loss or claims that Plaintiff submitted to the insurance company pertaining to those accidents. [Doc. 51,

13

Ex. 1, p. 16]. Plaintiff objected that the request was overly broad given that Plaintiff is 40 years old. [Doc. 53, p. 12]. Subject to this objection, Plaintiff stated "[s]ee documents produced herewith, and documents produced with my initial disclosures." [Doc. 51, Ex. 1, p. 16]. Plaintiff added that "Defendants need not speculate which documents are responsive because all of them are." [Doc. 53, p. 12].

The Court will overrule Plaintiff's "overbreadth" objection. Despite the extensive time period covered by the Request (seeking all documents associated with any motor vehicle accidents Plaintiff has *ever* been involved in), the specific nature of the document request appropriately limits its scope to reports and statements in Plaintiff's possession and loss claims that Plaintiff submitted to his insurer. *See e.g. Heuskin v. D&E Transp., L.L.C.*, No. Civ. 19-957 MV/GBW, 2020 WL 1450575, at *6 (D.N.M. Mar. 25, 2020) (Court granted Defendant's Interrogatory asking "have you ever been involved in a claim for personal injury, whether in a lawsuit or otherwise . . .").

Defendants have a legitimate need for all available information regarding pre-existing injuries and so the Court will compel Plaintiff to produce documents regarding personal injury damages in full. Nonetheless, to render the request proportional to the needs of the case, the Court will limit production to a shorter time frame for certain portions of RFP No. 6.

For all accidents where Plaintiff did not claim to have suffered a personal injury, the Court will limit production to a shorter time frame, to wit, the last 15 years preceding the date of this accident (from April 26, 2003 to the present).

Once again, a general reference to other documents is insufficient. As a case in point, Plaintiff's assertion that all of Plaintiff's documents are responsive is not accurate.[3] Furthermore,

---

[3] For example, the section in Plaintiff's New Mexico Courts Case Lookup history relating to Plaintiff's child support enforcement hearing is not responsive for RFP No. 6. [*See* Doc. 53, Ex. 5].

it is unclear whether Plaintiff produced all documents responsive to RFP No. 6. Therefore, Plaintiff is required to label and specify which parts of the documents already produced are responsive, and to the extent that Plaintiff withheld any information on the basis of his objections, the Court will grant Defendant's motion and compel Plaintiff to supplement his response.

In summary, the Court will grant Defendants' Motion regarding RFP No. 6 in part. Plaintiff is compelled to produce documents as to RFP No. 6 regarding personal injury damage in full and produce documents as to RFP No. 6 regarding all other parts from April 26, 2003.

### H)  Document Request No. 19

RFP No. 19 requested production of "any and all logs, charts, notes, pain diaries, or calendars created by You and/or your treating health care providers regarding the injuries alleged in Your Complaint. . ." [Doc. 51, Ex. 1, pp. 18-19] (emphasis in the original). Plaintiff stated: "[t]o the extent responsive, refer to the medical records produced with my initial disclosures. After a diligent search, I have not located any other documents…" [*Id.*].

A general reference to other documents without specificity is insufficient. Plaintiff must specify which parts of the documents produced are responsive. Furthermore, it may be that Plaintiff responded to RFP No. 19 by referring only to documents produced by Plaintiff himself whereas Defendant also asked for all documents created by Plaintiff's treating health care providers. Plaintiff neither disclosed nor ruled out his possession of provider records. Therefore, the Court compels Plaintiff to produce all documents responsive to RFP No. 19 in his possession, whether created by Plaintiff or by Plaintiff's treating health care providers, or to certify that no responsive documents exist.

## IV. CONCLUSION

In sum, the Court **grants in part and denies in part** Defendants' Motion to Compel [Doc. 51] as more fully set forth herein.

## V. AWARD OF FEES AND COSTS

The Federal Rules provide that, if a motion to compel disclosure or discovery is granted in part and denied in part, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). Here, although the Court grants Defendants' motion only in part, the Court ruled against Plaintiff on virtually every basis and every dispute.

Therefore, within 14 days of the entry of this order, Defendants shall file a motion a) seeking its costs and fees associated with the filing of its Motion [Doc. 51], b) addressing the apportion issue, and c) explaining why the costs and fees sought were reasonably incurred in making the motion. Plaintiff shall respond to Defendants' request within 14 days thereafter. Defendants may file a reply as contemplated by this Court's local rules.

SO ORDERED.

_____
HONORABLE JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE