IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE MELO-FERNANDEZ,

      Plaintiff,

v.                                                                                        CV 20-0081 SCY/JHR

BARRY LANCE BEARDEN,
WHITE TRANSPORTATION SERVICE, INC.,
UNITED SUPERMARKETS, LLC, and
MICHAEL DURHAM,

      Defendants.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Plaintiff Jose Melo-Fernandez' Motion for Sanctions for Failure to Provide Information in Discovery and Motion to Compel Discovery [Doc. 68], filed November 11, 2020. Having considered the parties' positions and pertinent authority, the Court **grants** Melo-Fernandez' motion **in part**.

    **I.**        **BACKGROUND**

This personal injury case arises from an automobile accident that occurred on April 26, 2018 on Interstate 40. [Doc. 1, Exhibit ("Ex.") 1, p. 2]. Melo-Fernandez claims to have suffered injuries which he blames on the negligence of Barry Lance Bearden driving for White Transportation Services, Inc., United Supermarkets, LLC, or Michael Durham. [*See id.*, p. 2, 7-8]. Melo-Fernandez filed a complaint against Bearden, White Transportation, United Supermarkets and Durham (collectively, the "Defendants") in New Mexico's Second Judicial District Court on January 2, 2020. [*Id.*, Ex. 1, p. 4]. Defendants removed the case to federal court on January 28, 2020 [Doc. 1] and filed an answer the same day. [Doc. 3]. All parties consented to Magistrate Judge Steven C. Yarbrough presiding by February 3, 2020. [Doc. 9]. Magistrate Judge Jerry H.

Ritter issued a scheduling order on March 31, 2020, and discovery closed on March 31, 2021. [Doc. 21].

Melo-Fernandez resolved a worker's compensation claim for his injuries on October 16, 2019, with the carrier maintaining a lien of $53,261.46. [Doc. 68, Ex. A]. On February 24, 2020, the carrier notified Melo-Fernandez that the lien was paid in full "by Geico." [*Id.*, ex. B]. On April 1, 2020, Melo-Fernandez served discovery requests including his Request for Production ("RFP") No. 4, which requested all settlement agreements pertaining to this accident. [Doc. 22; *see* Doc. 68, Ex. C, pp. 8-9]. After Defendants responded that no such settlement agreement exists, Melo-Fernandez filed a motion to compel asking the Court to compel production of documents response to RFP No. 4. [Doc. 38, pp. 3-4]. The Court denied the motion because of Defendants' disavowal of any responsive documents. [Doc. 53, p. 4].

On September 15, 2020, Melo-Fernandez served Requests for Admission ("RFA") Nos. 5 and 6, asking Defendants to admit that no entity paid, on Defendants behalf, the $53,261.46 worker's compensation lien, to which Defendants objected. [Doc. 52; *see* Doc. 68, Ex. I, p. 1]. On October 22, 2020, Defendants notified Melo-Fernandez that they had learned that Melo-Fernandez' worker's compensation lien had been paid. [Doc. 69, Ex. M, p. 1].

Melo-Fernandez filed this Motion for Sanctions for Failure to Provide Information in Discovery and Motion to Compel Discovery on November 11, 2020. [Doc. 68]. Melo-Fernandez asks that the Court 1) deem RFA Nos. 5 and 6 admitted, and 2) compel Defendants to produce information regarding Melo-Fernandez' worker's compensation lien payment. [*Id.*, p. 11]. Defendants responded on November 25, 2020, and Melo-Fernandez filed a reply on December 1, 2020. [Docs. 72, 73].

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery, providing that:

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

"Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

A party may issue requests for admission directed at any matter within the scope of Rule 26(b). Fed R. Civ. P. 36(a)(1). The responding party may object or answer; if objecting, grounds must be stated. Fed. R. Civ. P. 36(a)(5). If not objecting, the responding party must admit, specifically deny, or state in detail why a truthful admission or denial is not possible. Fed. R. Civ. P. 36(a)(4). The requesting party may move to determine the sufficiency of an answer or objection. Fed. R. Civ. P. 36(a)(6). Unless the court finds an objection justified, it must order that an answer be served. *Id*. On finding that an answer does not comply with Rule 36, the court may order either that the matter is deemed admitted or that an amended answer be served. *Id*.

A party may issue requests for production of materials within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). Each request must be responded to or addressed by specific objection. Fed. R. Civ. P. 34(b)(2). A party may move to compel a response to a request for production if good faith attempts to secure the answer are unsuccessful. Fed. R. Civ. P. 37(a)(3)(B)(iv).

All parties are under a continuing duty to supplement responses to discovery "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been known to the other party during the discovery process." Fed. R. Civ. P. 26(e)(1)(A). The failure to supplement a

3

discovery response may result in sanctions "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

### III.  ANALYSIS

Melo-Fernandez asks that the Court 1) deem RFA Nos. 5 and 6 admitted, and 2) compel Defendants to produce information regarding Melo-Fernandez' worker's compensation lien payment. [Doc. 68, p. 11].

#### a. RFA Nos. 5 and 6

Melo-Fernandez' RFA Nos. 5 and 6 read:

5. Admit that no entity paid, on your behalf, the sum of $53,261.46 to resolve Jose Melo-Fernandez'[] worker's compensation lien in this case.

6. Admit that no entity paid, on your behalf, the sum of $53,261.46 to Builders Trust of New Mexico to resolve Jose Melo-Fernandez'[] worker's compensation lien in this case.

[Doc. 68, Ex. I, p. 1]. Defendants object that the RFA Nos. 5 and 6 are 1) cumulative and duplicative because Melo-Fernandez already obtained the information requested through RFA Nos. 1 and 2, or alternatively, 2) designed to harass. [*Id.*]. Without waiving these objections, Defendants answered: "see answer to Request for Admission No. 1(No. 2) previously provided."

Melo-Fernandez' RFA Nos. 1 and 2 read:

1. Admit that an entity paid, on your behalf, the sum of $53,261.46 to resolve Jose Melo-Fernandez'[] worker's compensation lien in this case.

2. Admit that an entity paid, on your behalf, the sum of $ 53,261.46 to Builders Trust of New Mexico to resolve Jose Melo-Fernandez'[] worker's compensation lien in this case.

[*See* Doc. 68, Ex. H, p. 1]. Defendants denied these RFAs with a one-word response: "deny." [*Id.*].

Melo-Fernandez asks the Court to deem RFA Nos. 5 and 6 admitted. [Doc. 68, pp. 4-6]. In response, Defendants reiterate the "duplicative and cumulative" objection because they had been asked for the same information as requested in RFA Nos. 1 and 2. [Doc. 72, p. 6]. Defendants add that they already answered in full. [*Id.*]. For the following reasons, the Court grants Melo-Fernandez' motion in part and overrules Defendants' objections.

Defendants cite only to Rule 26(b)(1) as the basis for their "duplicative and cumulative" objection without providing additional authority. [*See* Doc. 68, Ex. I, p. 1]. This failure alone is enough to overrule the objection. *See* D.N.M.LR-Civ. 7.3(a) ("A motion, response or reply must cite authority in support of the legal positions advanced."). Rule 26(b)(1) only asks the Court to balance the relevance of the request against the needs of the case to determine the scope of allowable discovery. *See* Fed. R. Civ. P. 26(b)(1). It says nothing about objections to discovery.

Rule 26(b)(2)(C)(i) states the requirement that the Court impose limits if discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive. Defendants do not provide any specific authority that a unique request for admission based on similar evidence as a previous request is unreasonably duplicative and cumulative, and the Court does not find these requests to be so. A one-word denial of an affirmative assertion of fact is not necessarily an admission of its negative. [*See infra* pp. 6-7]. Because RFA Nos. 5 and 6 are straightforward one sentence requests, and lien information is relevant to set-offs, application of the collateral source rule, and settlement negotiations that may occur, the Court finds them within the scope of discovery and overrules Defendants' cumulative and duplicative objections.

Defendants also argue that RFA Nos. 5 and 6 are designed to harass because they unnecessarily increase the expenses of this lawsuit. [*See* Doc. 68, Ex. I, p. 1]. However, the

5

requests are straightforward, comprising one sentence each, and Defendants' previous objection appears premised on the fact that they asked for the same information as RFA Nos. 1 and 2. [*Id.*]. Presumably, Defendants can rely on the same information used to answer RFA Nos. 1 and 2 to answer RFA Nos. 5 and 6 and responding to them will likely not inordinately increase the expenses in this lawsuit. Defendant provides no comparison of the evidentiary value of the response with the cost of responding that would allow the Court to find the expense to be unnecessary.  Therefore, the Court overrules this objection.

Defendants' final argument is that their responses "to Request for Admission No. 1(No. 2) previously provided" actually answered RFA Nos. 5 and 6 in full, precluding relief. [Doc. 72, p. 6; *see* Doc. 68, Ex. I, p. 1]. Again, denial of an assertion of fact is not necessarily an admission (or denial) of its negative, and Defendants do not show why it would be in this instance. Rule 36 states: "if a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). Defendants' answer does not admit, specifically deny, or state in detail why they cannot truthfully admit or deny and, therefore, is not sufficient. Melo-Fernandez is entitled to a proper response to his requests.

Having concluded that Defendants must serve amended answers, the Court nonetheless denies Melo-Fernandez some of the relief he requests. Specifically, Melo-Fernandez asks the Court to deem RFA Nos. 5 and 6 admitted as a remedy for Defendants' unjustified objections and inappropriate answer, or alternatively, to deem RFA Nos. 5 and 6 admitted because these RFAs are logical opposites of RFA Nos. 1 and 2, which Defendants denied. [*See* Doc. 68, pp. 4-6]. However, a court may only deem admitted a request for admission if it finds that the objection to answering is unjustified, orders an answer to be served, and then finds that the answer does not comply with Rule 36(a)(6). Fed. R. Civ. P. 36(a)(6). The Court has not previously ordered

Defendants to answer RFA Nos. 5 and 6 and therefore has no authority, under the circumstances, to deem them admitted. Furthermore, Melo-Fernandez cites no legal authority in support of his requested remedies based on logics. [*See* Doc. 68, p. 6]; D.N.M.LR-Civ. 7.3(a). Defendants' response to RFA Nos. 5 and 6 are also not a binary choice because Defendants can plausibly assert lack of knowledge or information as a reason for failing to admit or deny. *See* Fed. R. Civ. P. 36(a)(4). Finally, these requests for admission are compounds consisting of a statement about whether a certain amount was or was not paid plus a statement about whether that payment was "on [Defendants'] behalf." [*See Id.*, Ex. I, p. 1]. An initial denial that a payment was made on Defendant's behalf would not necessarily be an admission that no payment was made. Therefore, the Court will not deem the requests admitted.

For the foregoing reasons, the Court grants Melo-Fernandez' request regarding RFA Nos. 5 and 6 in part, overrules Defendants' objections, finds Defendants' current answer insufficient, and orders an answer on RFA Nos. 5 and 6 to be served in accordance with Rule 36.

### b. Request for the Court Compel Defendants to Produce Information Regarding Melo-Fernandez' Worker's Compensation Lien Payment

Melo-Fernandez asks that the Court compel Defendants to produce information regarding Melo-Fernandez' worker's compensation lien payment, including the identity of the person or entity that paid, the amount paid, the date paid, all documents and correspondence between the worker's compensation carrier and Defendants or their agents or insurers, and the identities of persons involved in the negotiation and payment of the lien. [Doc. 68, p. 11]. Melo-Fernandez requests the Court order this information because "further written discovery to Defendants will likely be fruitless." [*Id.*]. In support of his document requests, Melo-Fernandez relied on RFP No. 4, which reads:

7

> 4. Identify all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person or entity, whether or not a party to this lawsuit, regarding or pertaining to the Wreck or any damage resulting therefrom.

[Doc. 68, Ex. C, p. 8].

The Court denies the relief requested. RFP No. 4 is a different request than the targeted demand Melo-Fernandez' currently makes. Melo-Fernandez offers no concrete proof that written discovery will be fruitless, and he has the Rules to fall back on should Defendants refuse a proper request. Furthermore, Rule 34 requires the request for production to state its objective with "reasonable particularity," and gives the responding party an opportunity to both respond and object. Fed. R. Civ. P. 34(b)(1), 34(b)(2). Melo-Fernandez does not provide authority, *see* D.N.M.LR-Civ. 7.3(a), and the Court does not find it appropriate to compel production outside of Rule 34's requirements. The Court therefore rejects Melo-Fernandez's request.

### c. Other Matters

The courts have inherent authority to, among other things, regulate their docket and promote judicial efficiency. *Martinez v. IRS*, 744 F.2d 71, 73 (10th Cir. 1984). Discovery closed on March 31, 2021, rendering Melo-Fernandez' ability to seek production, as discussed above, effectively moot. In the interests of justice, the Court finds good cause to modify the scheduling order since Melo-Fernandez filed his Motion on November 11, 2020, and the parties completed briefing on December 1, 2020. The Court modifies the Scheduling Order as follows:

> Termination date for discovery (for Melo-Fernandez' worker's compensation lien information only):　　　　　　　　　　　　　　　　　　　　　　　May 10, 2021
>
> Motions relating to discovery (for Melo-Fernandez' worker's compensation lien information only):　　　　　　　　　　　　　　　　　　　　　　　May 17, 2021
>
> Pretrial motions other than discovery motions (including motions which may require a *Daubert* hearing) filed by:　　　　　　　　　　　　　　　　June 17, 2021
>
> Pretrial Order from Plaintiff to Defendants after pending Pretrial motions are resolved or, if there are no pending motions:　　　　　　　　　　　July 1, 2021

Since the Court extends the discovery only for thirty (30) days, responses must be served in fourteen (14) days. *Cf. e.g.* Fed. R. Civ. P. 34(b)(2)(A) ("[t]he party to whom the request is directed must respond in writing within 30 days after being served.").

## IV.     CONCLUSION AND ORDER

In sum, the Court **grants in part and denies in part** Melo-Fernandez' Motion for Sanctions for Failure to Provide Information in Discovery and Motion to Compel Discovery [Doc. 68] as follows:

1. Defendants are ordered to serve answers to RFA Nos. 5 and 6 in accordance with Rule 36 as further described herein;
2. Melo-Fernandez' request for the Court to compel production is denied; and
3. the Court finds good cause to modify the scheduling order as further described herein.

Because neither party prevailed fully on the merits of the Motion, the Court will award neither party its expenses. *See* Fed. R. Civ. P. 37(a)(5)(C).

SO ORDERED.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE